Stephen Thomas, SBN 120751
THOMAS BUSINESS LAW GROUP, P.C.
17800 Castleton Street, Suite 600
City of Industry, CA 91748
Telephone: (626) 771-1005
Facsimile: (626) 628-1905

Attorneys for Plaintiff
Santiago Mendoza Muniz

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# (RIVERSIDE)

| | |
|---|---|
| **In re:** <br><br> **TOM ZHANG fka TAO ZHANG,** <br><br> **Debtor,** <br> _____ <br><br> **SANTIAGO MENDOZA MUNIZ, an individual;** <br><br> **Plaintiff,** <br><br> **vs.** <br><br> **TOM ZHANG, also known as QINGYU ZHANG, formerly known as TAO ZHANG, an individual, doing business as New Diamond Trucking; NEW DIAMOND TRUCKING, INC., a dissolved California corporation; PNC EQUIPMENT FINANCE LLC, a Delaware limited liability company;** | **Chapter 7** <br> **Case No: 6:22-bk-10523-SY** <br> **Adv. No:** <br><br> **ADVERSARY COMPLAINT** <br><br> **FRAUD** |

ADVERSARY COMPLAINT - 2

| and DOES 1 through 10, inclusive,<br><br>**Defendants.** | |
|---|---|

Plaintiff SANTIAGO MENDOZA MUNIZ alleges:

1.  Pursuant to LBR 7008-1, the pleader consents to entry of final orders or judgment by the bankruptcy court.

2.  This adversary proceeding is brought pursuant to and *Federal Rules of Bankruptcy Procedure* Rule 7001(6).

3.  This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§151, 157 and 1334(b).

4.  Venue is proper pursuant to 28 U.S.C. §1409.

5.  This adversary proceeding is a core proceeding in that this is a dispute regarding a creditor's claim to bankruptcy proceeds.

## FRAUD

### against all defendants

*A.  Identification of parties.*

6.  Plaintiff SANTIAGO MENDOZA MUNIZ ("Muniz") is an individual residing within the County of Los Angeles, State of California.

7.  Defendant and Debtor TOM ZHANG also known as QINGYU ZHANG ("Qingyu") formerly known as TAO ZHANG is an individual doing business as New Diamond Trucking.

8.  Defendant NEW DIAMOND TRUCKING, INC., is a dissolved California corporation and the alter ego of defendant QINGYU ZHANG.  At all times QINGYU ZHANG spoke for and acted with the knowledge, ratification or approval of NEW DIAMOND TRUCKING, INC. ("New Diamond) The corporation and individual are collectively referred to as "Zhang."

9. Defendant PNC EQUIPMENT FINANCE LLC ("PNC") is, as of the time of this complaint, identified on the California Secretary of State's business search website, as an active Delaware limited liability company;

10. Alter ego.  There is such a unity of interest and ownership that the separate personalities between defendant corporation New Diamond and the individually named defendant Qingyu and the individual DOE defendants no longer exists, and (2) that failure to disregard the separate corporate identity of New Diamond from the separate identify of the individual defendants will result in fraud or injustice, based on the following:

11. Defendant New Diamond was influenced and governed by said individual defendants such that there is a unity of interest and ownership such that the individuality or separateness of the corporate defendant from the individual have ceased; further, adherence to the fiction of the separateness of the entity defendant from Qingyu would, under the circumstances, sanction a fraud or promote injustice, in particular:

12. Qingyu and the individual DOE defendants have treated the assets of New Diamond as his own or otherwise co-mingled personal assets with the corporate defendants' assets.

13. The individual defendants have failed to maintain minutes or adequate records of defendant New Diamond;

14. The individual defendants dominated and controlled New Diamond;

15. The individual defendants have failed to adequately capitalize New Diamond;

16. Defendant New Diamond was a shell, instrumentality or conduit for the business of the individual defendants;

ADVERSARY COMPLAINT - 2

17.  Defendant New Diamond was organized by the individual defendants with the intent to avoid performance by the use of the corporate entity as a shield against personal liability.

### B. Statement of facts.

18.  Defendant Qingyu speaking on behalf of himself and New Diamond and defendant PNC, made certain representations to Plaintiff and concealed other material facts, all with the intent to defraud Plaintiff. The representations were false, and the suppressions of fact were material. The false representations and concealments of material facts were:

19.  Defendants concocted a scheme to defraud Plaintiff Muniz in which Zhang, who employed Muniz, convinced Muniz to execute what Zhang explained to Muniz was a personal guarantee for Zhang's performance of a contract with North American Trailer LLC ("North American") for the purchase of five trailers. The proposed deal was translated by another employee of Zhang, from Spanish to English, as Plaintiff does not speak English. Under the terms of what Plaintiff believed was a binding oral combination guaranty and purchase agreement, Zhang would transfer the titles of the trailers to Plaintiff (who owned a trucking company) after Zhang had paid off the trailers within the year. This "agreement" was reached between Plaintiff and Zhang in early April 2017.

20.  The true facts were that Zhang, with PNC's knowledge and consent and as a condition to the purchase agreement with North American, induced Muniz to sign, not a personal guaranty his own performance but a financing agreement ("Financing Agreement) with third-party financing company PNC for the purchase of five trailers from North American. These terms were not explained by Zhang, or, by operation of law, by PNC. The Financing Agreement contract was negotiated and executed in knowing violation of *California Civil Code* § 1632, as they were not translated into Spanish, and because Plaintiff does not speak English and did not

have a translator present. The financing agreement was signed on April 28, 2017. Because of this statutory violation, Plaintiff did not know what agreement he was signing.

21. Concurrently, and for the same reasons as alleged above, defendants convinced Plaintiff to execute a personal guaranty ("Guaranty") of his own performance on the Financing Agreement. The Guaranty was also executed in intentional violation of *Civil Code* § 1632. Because of this statutory violation, Plaintiff did not know what agreement he was signing.

22. After making some payments on the purchase agreements, Zhang defaulted on or about October 15, 2019, with the sum of $99,928.40 still due and owing. PNC sued Plaintiff on the Financing Agreement and Guaranty. PNC obtained a default judgment and recorded an abstract of judgment in this action in the amount of $123,186.97. Zhang advised Plaintiff to declare bankruptcy. Qingyu dissolved New Diamond on July 16, 2020 without making any payments to Plaintiff.

23. PNC was able to partially levy on the judgment. Zhang never transferred title of the trailers to Plaintiff and never received repayment for the amount of the judgment against him.

24. Defendant Zhang made these false representations with the intention of defrauding Plaintiff by lulling Plaintiff into "financing" and guaranteeing the financing of the trailers that Zhang did not intend to pay for or intend to transfer title to. Plaintiff would not have entered into the Agreement if any Plaintiff had known that defendants intended to default on their obligations or if the transaction were conducted in compliance with *Civil Code* § 1632.

25. Plaintiff reasonably relied on the representations and concealments of defendants, as Plaintiff was an employee of Zhang.

26. Plaintiff was harmed, and defendants' conduct was a substantial factor in this harm. Plaintiff was damaged in the amount of not less than $123,186.97 according to proof at trial.

27. The actions of defendants were intentional misrepresentations, deceit, or concealment of material facts known to defendants with the intention on the part of the defendants of thereby defrauding Plaintiff of substantial amounts of money in a fraudulent and covered up by violation of disclosures required by *Civil Code* § 1632. Plaintiff is therefore entitled to punitive damages in a sufficient amount to make an example of, punish defendants and deter future fraudulent, oppressive and malicious misconduct in the amount, according to proof. The actions of the individual defendant were done with the knowledge or ratification of the corporate defendant.

## **PRAYER**

*WHEREFORE*, Plaintiff prays as follows:

1. For general damages in the amount of not less than $123,186.97 according to proof.

2. For punitive damages according to proof.

3. For a determination that defendants are alter egos.

4. For costs of suit.

5. For such other relief as the Court may deem proper.

Respectfully submitted,

THOMAS BUSINESS LAW GROUP P.C.

_____
STEPHEN J. THOMAS
Attorneys for Plaintiff
Santiago Mendoza Muniz

Dated: May 16, 2022